LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| NOBERTO MORALES,<br>*on behalf of himself, FLSA Collective Plaintiffs*<br>*and the Class,*<br><br>        Plaintiff,<br><br><br>   v.<br><br><br>ALIZE II, CORP.<br>      d/b/a JUSTINE RESTAURANT,<br>EL NUEVO SANDY RESTAURANT INC.<br>      d/b/a SANDY RESTAURANT,<br>RAFAEL PICHARDO, RAFAEL PICAHRDO JR.,<br>HORMAND PICHARDO, RONNY PICHARDO,<br> RUBEN PICHARDO, LAZARO PICHARDO,<br>and MERCEDES GUZMAN,<br><br>        Defendants. | Case No:<br><br><br><br>**CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff, NOBERTO MORALES ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ALIZE II, CORP. d/b/a JUSTINE RESTAURANT, EL NUEVO SANDY RESTAURANT INC d/b/a SANDY RESTAURANT (the "Corporate Defendants"), RAFAEL PICHARDO, RAFAEL PICHARDO JR., HORMAND PICHARDO, RONNY PICHARDO, RUBEN PICHARDO, LAZARO PICHARDO and MERCEDES GUZMAN (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime (2) unpaid minimum wages (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.    Plaintiff, NOBERTO MORALES, for all relevant time periods, was a resident of Queens County, New York.

6.    Together, Defendants operate two restaurants (collectively, "the Restaurants") located at:

   a.  28 E 167th St, Bronx, NY 10452 ("Justine Restaurant");

   b.  2261 2nd Ave, New York, NY 10035 ("Sandy Restaurant").

7.    Corporate Defendants:

   a.  ALIZE II, CORP. d/b/a JUSTINE RESTAURNAT, is a domestic corporation organized under the laws of the State of New York with an address for service of process at 187 South Broadway, Yonkers, NY 10701 and principal place of business located at 28 East 167th Street, Bronx, New York 10452.

   b.  EL NUEVO SANDY RESTAURANT INC d/b/a SADNY RESTAURANT is a domestic corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 2261 2nd Avenue, New York, NY 10035.

8.    The Corporate Defendants operate as a single integrated enterprise. Specifically, the Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

   a)  the Corporate Defendants are commonly owned and operated by the Individual Defendants and by the Corporate Defendants;

3

b) the Corporate Defendants have the same corporate leadership. Individual Defendants RAFAEL PICHARDO, RAFAEL PICHARDO JR., HORMAND PICHARDO, RONNY PICHARDO, RUBEN PICHARDO, LAZARO PICHARDO and MERCEDES GUZMAN are owners and/or officers of Corporate Defendants, and are in charge of all aspects of management and operations for each of the Corporate Defendants;

c) the Corporate defendants maintain centralized labor relations, human resources, and payroll operations; employment policies and are formulated centrally by senior officials for Corporate Defendants.

9.   the Corporate Defendants utilize common payroll operations and maintain identical wage and hour policies; and employees, including Plaintiff, are interchangeable among the Restaurants.

10.   Individual Defendants:

a. RAFAEL PICHARDO is an owner, principal and/or manager of the Corporate Defendants. At all relevant times, RAFAEL PICHARDO exercised and continues to exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. RAFAEL PICHARDO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to RAFAEL PICHARDO directly regarding

any of the terms of their employment, and RAFAEL PICHARDO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

b. RAFAEL PICHARDO JR. is an owner, principal and/or manager of the Corporate Defendants.  At all relevant times, RAFAEL PICHARDO JR. exercised and continues to exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. RAFAEL PICHARDO JR exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to RAFAEL PICHARDO JR directly regarding any of the terms of their employment, and RAFAEL PICHARDO JR would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

c. HORMAND PICHARDO is an owner, principal and/or manager of the Corporate Defendants.  At all relevant times, HORMAND PICHARDO exercised and continues to exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. HORMAND PICHARDO exercises the power to (and also delegates to

managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to HORMAND PICHARDO directly regarding any of the terms of their employment, and HORMAND PICHARDO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

d.  RONNY PICHARDO is an owner, principal and/or manager of the Corporate Defendants.  At all relevant times, RONNY PICHARDO exercised and continues to exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. RONNY PICHARDO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to RONNY PICHARDO directly regarding any of the terms of their employment, and RONNY PICHARDO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

6

e.  RUBEN PICHARDO is an owner, principal and/or manager of the Corporate Defendants.  At all relevant times, RUBEN PICHARDO exercised and continues to exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. RUBEN PICHARDO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to RUBEN PICHARDO directly regarding any of the terms of their employment, and RUBEN PICHARDO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

f.  LAZARO PICHARDO is an owner, principal and/or manager of the Corporate Defendants.  At all relevant times, LAZARO PICHARDO exercised and continues to exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. LAZARO PICHARDO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times,

employees could complain to LAZARO PICHARDO directly regarding any of the terms of their employment, and LAZARO PICHARDO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

g. MERCEDES GUZMAN is an owner, principal and/or manager of the Corporate Defendants. At all relevant times, MERCEDES GUZMAN exercised and continues to exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. MERCEDES GUZMAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to MERCEDES GUZMAN directly regarding any of the terms of their employment, and MERCEDES GUZMAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

11. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to porters, cooks, dishwashers, food preparers, waiters, busboys, servers, and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to (i) pay them minimum wages, (ii) pay them overtime premium for hours worked in excess of forty (40) each workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to porters, cooks, dishwashers, food preparers, waiters, busboys, servers, and delivery persons

employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures, all culminating in a willful failure to (i) pay them overtime premium for all hours worked in excess of forty (40) each workweek, (ii) pay them minimum wages, (iii) provide them with wage and hour notice upon

10

hiring and annually thereafter, and (iv) provide them with wage statements for each payment period.

20.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants failed to pay Plaintiff and Class members overtime premium for all hours worked in excess of forty (40) each workweek;

e)  Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

f) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

**STATEMENT OF FACTS**

24.     In 1995, Plaintiff NOBERTO MORALES was hired by Defendants' Justine Restaurant as a cook.  In or around January 2010 his position was changed to porter. Plaintiff worked for Defendants until June 3, 2018, when his employment was terminated by Defendants. While Plaintiff primarily worked for Justine Restaurant, he would often work at Sandy's Restaurant on an as needed basis.  Plaintiff would work at Sandy's Restaurant at least once per month, and sometimes for as long as a week at a time.  Similarly, FLSA Collective Plaintiffs and Class Members would interchange between the two restaurants.

25.     Throughout his employment by Defendants, Plaintiff's work schedule was from 9:00 a.m. until 6:00 p.m., six days per week.  Defendants had no method of recording the number of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class Members.

26.     From approximately June 2010 until in or around January 2015, Plaintiff was compensated at a fixed rate of $350 per week. From approximately January 2015 until June 3, 2018, Plaintiff was paid at a fixed rate of $375 per week. Plaintiff was always paid his entire fixed weekly salary in cash without receiving paystubs. Similarly, FLSA Collective Plaintiffs and Class Members were also paid fixed weekly salaries in cash.

27.     Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for hours that he worked in excess of forty (40) per week, as required under the FLSA and the New York Labor Law. There was never any agreement that the fixed weekly salary that Defendants paid Plaintiff covered the hours in excess of forty (40) that Plaintiff worked each week. Similarly,

FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premiums for those hours.

28. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statements to Plaintiff and other non-exempt employees (including, but not limited to porters, cooks, dishwashers, food preparers, waiters, busboys, servers, and delivery persons), in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during his period of employment with Defendants.

29. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees (including, but not limited to porters, cooks, dishwashers, food preparers, waiters, busboys, servers, and delivery persons) at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

30. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for all hours they worked over forty (40) in a workweek.

31. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF

### AND FLSA COLLECTIVE PLAINTIFFS

32.      Plaintiff realleges and reavers Paragraphs 1 through 31 of this class and collective action Complaint as if fully set forth herein.

33.      At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

34.      At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35.      At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

36.      At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) per workweek.

37.      Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

38.      Plaintiff and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

39.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

42.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime and minimum wages, plus an equal amount as liquidated damages.

43.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>

44.     Plaintiff realleges and reavers Paragraphs 1 through 43 of this class and collective action Complaint as if fully set forth herein.

45.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) in a workweek.

47.    Defendants willfully violated Plaintiff's and Class members' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

48.    Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

49.    Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

50.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law.

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

h.    An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

i.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to 29 U.S.C. § 216;

j.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation for all hours worked over forty (40) per workweek  pursuant to the New York Labor Law;

k.    An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m.    Designation of this action as a class action pursuant to F.R.C.P. 23;

n.    Designation of Plaintiff as Representative of Class; and

o.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 22, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:  */s/ C.K. Lee*
        C.K. Lee, Esq. (CL 4086)