UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORBERTO MORALES,<br><br>Plaintiff,<br><br>-against-<br><br>ANYELISA REST. CORP., et al,<br><br>Defendants. | Case No.: 1:18-cv-07641-JGK |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

---

Salvatore G. Gangemi (SG6769)
Murtha Cullina LLP
177 Broad Street, 16th Floor
Stamford, CT 06901
Tel.: 203.653.5436
Fax: 860.240.5936
Email: sgangemi@murthalaw.com

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................... 1

RELEVANT PLEADED FACTS ...................................................................... 3

ARGUMENT ................................................................................................. 6

Legal Standard ............................................................................................. 6

I.   THE SECOND AMENDED COMPLAINT FAILS TO SUFFICIENTLY ALLEGE THAT SANDY RESTAURANT WAS PLAINTIFFS' EMPLOYER ...................................... 6

   A.   Plaintiff Cannot Maintain Claims Under The FLSA And NYLL Against Sandy Restaurant Because It Was Not His Employer During The Applicable Statutes Of Limitations ....................................................................................... 6

   B.   The SAC Fails To Plausibly Allege That Justine Restaurant And Sandy Restaurant Constituted A Single Integrated Enterprise, Assuming That The Doctrine Even Applies To FLSA and NYLL Cases. ............................................ 8

      1.   The SAC Does Not Allege a Sharing of Workers Between the Restaurants ... 12

      2.   The SAC Does Not Plausibly Allege the Sharing of Food and Supplies Between Restaurants ...................................................................................... 12

      3.   The SAC Does Not Allege a Sharing of Managers ......................................... 13

II.  THE SAC FAILS TO SUFFICIENTLY ALLEGE THAT EACH OF THE INDIVIDUAL DEFENDANTS WAS PLAINTIFF'S EMPLOYER UNDER EITHER THE FLSA AND NYLL ............................................................................................................. 16

CONCLUSION ........................................................................................... 21

i

## <u>TABLE OF AUTHORITIES</u>

Other Authorities

<u>Arista Records, LLC v. Doe 3</u>,
   604 F.3d 110 (2d Cir. 2010)....................................................................... 13

<u>Ashcroft v. Iqbal</u>,
   556 U.S. 662 (2009) ...................................................................... 6, 16, 17

<u>Bell Atl. Corp. v. Twombly</u>,
   550 U.S. 544 (2007) .................................................................................. 6

<u>Bravo v. Eastpoint Int'l, Inc.</u>,
   No. 99 CIV 9474 (WK), 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) ................. 14, 18

<u>Camara v. Kenner</u>,
   No. 16-CV-7078 (JGK), 2018 WL 1596195 (S.D.N.Y. March 29, 2018) ..................... 9

<u>Carter v. Dutchess County Community College</u>,
   735 F. 2d 8 (2d Cir. 1984)......................................................................... 17

<u>Dejesus v. HF Mgmt. Servs., LLC</u>,
   726 F.3d 85 (2d Cir. 2013)......................................................................... 13

<u>Goldberg v. Whitaker HouseCoop., Inc.</u>,
   366 U.S. 28 (1961) ................................................................................. 16

<u>Hart v. Rick's Cabaret Int'l Inc.</u>,
   No. 09 CIV 3043 JGK, 2010 WL 5297221 (S.D.N.Y. Dec. 20, 2010) ......................... 8

<u>Hart v. Rick's Cabaret Int'l, Inc.</u>,
   967 F. Supp. 2d 901 (S.D.N.Y. 2013) ........................................................ 10

<u>Herman v. RSR Sec. Servs. Ltd.</u>,
   172 F.3d 132 (2d Cir. 1999)......................................................................... 9

<u>Irizarry v. Catsimatidis</u>,
   722 F.3d 99 (2d Cir. 2013)......................................................................... 17

<u>JBC Holdings NY, LLC v. Pakter</u>,
   931 F. Supp. 2d 514 (S.D.N.Y. 2013) ................................................... 13, 14

<u>Khereed v. W. 12th St. Rest. Grp. LLC</u>,
   No.15Civ.1363 (PKC), 2016 WL 590233 (S.D.N.Y. Feb. 11, 2016)........................... 11

9853182v1

Lundy v. Catholic Health Sys. of Long Island Inc.,
     711 F.3d 106 (2d Cir. 2013)............................................................................ 6, 8

Murray v. Miner,
     74 F.3d 402 (2d Cir. 1996)................................................................................ 9

Perez v. Westchester Foreign Autos, Inc.,
     No. 11 CIV. 6091 ER, 2013 WL 749497 (S.D.N.Y. Feb. 28, 2013)........................ 13

Quintanilla v. Suffolk Paving Corp., No. CV,
     09-5331 (AKT), 2019 WL 885933 (E.D.N.Y. Feb. 22, 2019)................................. 10

Reiseck v. Universal Communications of Miami,
     No. 06CV0777(TPG), 2012 WL 3642375 (S.D.N.Y. Aug. 23, 2012)....................... 10

Sampson v. MediSys Health Network, Inc.,
     2012 WL 3027838 (E.D.N.Y. July 24, 2012)...................................................... 17

Regulations

29 U.S.C. § 203(d) ............................................................................................. 8

29 U.S.C. § 203(r)(1).......................................................................................... 10

29 U.S.C. § 255.................................................................................................. 7

9

Rule 12(b)(6) of the Federal Rules of Civil Procedure............................................. 1, 2, 6

12

29 C.F.R. § 779.203 ........................................................................................... 10

9853182v1

**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants El Nuevo Sandy Restaurant Inc. d/b/a Sandy Restaurant ("Sandy Restaurant"), Rafael Pichardo ("Rafael"), Hormand Pichardo ("Hormand"), Ronnie Pichardo ("Ronnie"), Ruben Pichardo ("Ruben"), and Lazaro Pichardo ("Lazaro") (the "Individual Defendants") (collectively, the "Moving Defendants"), submit this memorandum of law in support of their motion to dismiss the Second Amended Class and Collective Action Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP" or "Rule").[1]

## PRELIMINARY STATEMENT

Plaintiff Norberto Morales ("Plaintiff") commenced this putative collective and Rule 23 class action against Defendants for alleged wage and hour violations stemming from his purported full-time employment at Defendant Anyelisa Rest. Corp. d/b/a Justine Restaurant ("Justine Restaurant"), and his alleged occasional employment in Sandy Restaurant, which apparently ended in 2009 – substantially beyond the statute of limitations applicable to claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[2]

---

[1]     Defendant Anyelisa Restaurant Corp. d/b/a Justine Restaurant does not seek dismissal on its own behalf.

[2]     Although the factual allegations of the SAC are assumed to be true for purposes of this motion, Moving Defendants deny that Plaintiff ever worked for Sandy Restaurant, either now or in 2009.

Plaintiff initially filed his initial Complaint on August 22, 2018, which asserted claims against the current Defendants, as well as Alize II Corp., Rafael Pichardo, Jr., and Mercedes Guzman.  Following discussions between Plaintiff's and Defendants' counsel, Plaintiff filed a First Amended Class and Collective Action Complaint (Dkt 31) ("FAC") on November 30, 2018, which sought to, among other things, forgo claims against Alize II Corp. and Mercedes Guzman, prior owner and principal, respectively, of Justine Restaurant.  In addition, the FAC discontinued Plaintiff's claims against Rafael Pichardo, Jr., who does not exist, despite having been alleged to be Plaintiff's employer in the initial Complaint. (Dkt 1, Complaint, ¶ 10.b.).[3]

On December 21, 2018, Defendants requested a pre-motion conference in connection with Sandy Restaurant's and Individual Defendants' anticipated Rule 12(b)(6) motion to dismiss the FAC (Dkt 40).  The pre-motion conference was held on January 24, 2019, and resulted in an Order permitting Plaintiff to amend the FAC; dismissing Alize II, Corp., Mercedes Guzman and Rafael Pichardo, Jr., without prejudice; and setting forth a briefing schedule for the instant motion to dismiss.

Plaintiff filed the SAC on February 15, 2019 (Dkt 51).  Despite two amended complaints, Plaintiff is still unable to plead plausibly that Sandy Restaurant was Plaintiff's employer, that Sandy Restaurant and Justine Restaurant constituted a single integrated enterprise, or that the Individual Defendants were each Plaintiff's employer. More disturbingly, the SAC has excised certain allegations previously asserted as fact in

---

[3]    The original Complaint's assertion that the non-existent "Rafael Pichardo, Jr." employed Plaintiff underscores Plaintiff's frivolous attempts to assert claims against individuals who could not have employed him.

the FAC, and replaced them with substantially different allegations. Some of these new allegations confirm that Sandy Restaurant and the Individual Defendants are not proper Defendants in this case. Nevertheless, they beg the question as to how Plaintiff could have alleged such facts that he has now confirmed were false.

## RELEVANT PLEADED FACTS

Although it is undisputed that Plaintiff provided services to Justine Restaurant for a period of time until he was dismissed, Plaintiff seeks to include Sandy Restaurant as a Defendant, presumably because he wishes to include Sandy Restaurant's employees in this collective and class action. Count I of the SAC asserts claims on behalf of Plaintiff and a FLSA Collective alleging failure to pay minimum wage and overtime. (See SAC, ¶¶ 32- 43). Count II asserts similar claims on behalf of a NYLL Class, and alleges also that Defendants failed to provide Plaintiff and other employees with proper wage statements and notices.

Plaintiff's SAC seeks to cure the FAC's pleading deficiencies, but fails. In an attempt to hold Sandy Restaurant responsible for wage and hour violations allegedly arising out of Plaintiff's work at Justine Restaurant, Plaintiff continues to rely upon the single integrated enterprise theory of liability. In support of this theory, the FAC contained only generic and boilerplate allegations that merely mirrored the requirements of the single integrated enterprise test. In an attempt to avoid dismissal, the SAC supplements these generic allegations. Plaintiff's current allegations are set forth below in "blackline."[4] These revisions underscore the extent to which Plaintiff has changed his facts relating to a material issue in this case:

_____

[4]    Allegations in "strikethrough" format were previously asserted in the FAC,

> "In 1995, Plaintiff . . . was hired by . . . Justine Restaurant as a cook, [but i]n or around January 2010 his position was changed to porter. . . ."

(See SAC, ¶ 23).

> While Plaintiff primarily worked for Justine Restaurant, he would ~~often~~ occasionally work at Sandy's Restaurant on an as needed basis. ~~Plaintiff would work at Sandy's Restaurant at least once per month, and sometimes for as long as a week at a time.  Similarly, FLSA Collective Plaintiffs and Class Members would interchange between the two Restaurants.~~ <u>For example, in 2009 Plaintiff worked for Sandy's Restaurant continuously over a two month period.  Plaintiff often observed employees interchange between the restaurants. Employees who interviewed at Justine's would frequently be sent to work at Sandy's if there was a greater need for employees at that location. Furthermore, Plaintiff observed that wait staff would interchange between the restaurants on an as-needed basis.</u>

(Compare FAC, ¶ 24 with SAC, ¶ 24)(emphasis added).  Although the FAC expressly stated that Plaintiff "often" and regularly worked at Sandy Restaurant, the SAC makes clear that his work for Sandy Restaurant was "occasional" and apparently ended in 2009. (Id.)  In addition, the SAC includes the following new allegation:

> "<u>Upon information and belief</u> food and supplies were centrally purchased, and distributed among the restaurant locations."

 (SAC, ¶ 8(d))(emphasis added).

In addition to the above, Plaintiff seeks to bolster the FAC's conclusory allegations regarding the Individual Defendants by alleging certain "facts" intending to show both that the restaurants were a single integrated enterprise, and that each of the Individual Defendants was Plaintiff's "employer."  According to Plaintiff, each of the Individual Defendants "is an owner, principal and/or manager for [Sandy Restaurant and Justine Restaurant]," and "exercise[s] operational control."  (See SAC, ¶¶ 9 (a) – (e)).  The SAC also alleges the following:

---

but are omitted from the SAC.  Allegations that are underlined indicate new allegations in the SAC.

RAFAEL PICHARDO was at all relevant times the 'day boss' for Defendants [Sandy Restaurant and Justine Restaurant], and would directly supervise employees, including Plaintiff during the lunch shift. . . .  Throughout his employment, Plaintiff directly observed RAFAEL PICHARDO interview and hire employees, as well as fire employees.  RAFAEL PICHARDO would hire employees for both [Justine Restaurant and Sandy Restaurant]. RAFAEL PICHARDO notified Plaintiff and other employees when their pay was being increased.

HORMAND PICHARDO was at all relevant times the "night boss" for Defendants, and would supervise employees, including Plaintiff, during the dinner shift. . . .  At all relevant times, HORMAND PICHARDO would distribute pay to employees, including Plaintiff."

RONNIE PICHARDO was Plaintiff's direct supervisor while working at Justine's Restaurant, and oversaw Plaintiff and other employee's day to day work. . . . RONNIE PICHARDO would occasionally distribute employees' pay. Plaintiff witnessed RONNIE PICHARDO disciplining employees at Justine's, including firing employees. RONNIE PICHARDO notified Plaintiff and other employees when their pay was being increased.

RUBEN PICHARDO was at all relevant times the manager for Defendants, primarily at [Sandy Restaurant], and would supervise employees, including Plaintiff."

LAZARO PICHARDO was at all relevant times the manager for Defendants, primarily at [Sandy Restaurant], and would supervise employees, including Plaintiff."

(SAC, ¶¶ 9 (a) – (e)).

The foregoing allegations do not support a plausible inference that the Moving Defendants employed Plaintiff.   Because Plaintiff has failed to adequately allege an employment relationship with, or any facts that give rise to his substantive claims against, Moving Defendants, they should be dismissed from this action.

## ARGUMENT

### Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  A complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of will not do.'" (quoting Twombly, 550 U.S. at 555).  Determining whether a claim or assertion is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013).

This pleading standard applies equally to claims brought under the FLSA and, where a complaint does not contain sufficient factual allegations to demonstrate liability of a defendant as an "employer" of an individual or class of plaintiffs, the complaint must be dismissed.  See id.   Here, the application of the proper pleading standard to the SAC compels dismissal against Sandy Restaurant and the Individual Defendants.

## I.     THE SECOND AMENDED COMPLAINT FAILS TO SUFFICIENTLY ALLEGE THAT SANDY RESTAURANT WAS PLAINTIFFS' EMPLOYER

### A.   Plaintiff Cannot Maintain Claims Under The FLSA And NYLL Against Sandy Restaurant Because It Was Not His Employer During The Applicable Statutes Of Limitations

Although the Court permitted Plaintiff to file the SAC in order to allege facts

that would render his claims against Sandy Restaurant plausible, the SAC does the opposite by confirming that Plaintiff did not work for Sandy Restaurant during the applicable statutes of limitation.[5]   Accordingly, all claims against Sandy Restaurant must be dismissed as a matter of law.

Under the FLSA, a claim for unpaid overtime must be brought within two years of its accrual, or three years if the violation was willful.  29 U.S.C. § 255. The NYLL prescribes a six-year limitations period for all wage and notice violation claims.  NYLL, § 198(3). The SAC contradicts general allegations in the FAC but omitted in the SAC, which indicated in conclusory fashion that plaintiff worked for Sandy Restaurant "often" and "at least once per month, and sometimes for as long as a week at a time." (Compare FAC, ¶ 24 with SAC, ¶ 24).  Required to provide more specificity regarding hours worked and wages paid by Sandy Restaurant, Plaintiff ultimately conceded in the SAC that "[w]hile [he] primarily worked for Justine Restaurant, he would occasionally work at Sandy's Restaurant on an as needed basis. For example, in 2009 Plaintiff worked for Sandy's Restaurant continuously over a two month period."  (SAC, ¶ 24)(emphasis added).  The only time-frame Plaintiff alleges with respect to his working for Sandy Restaurant is contained in paragraph 24 of the SAC, which alleges that he worked there in some unspecified capacity for two months in 2009 – ten years ago. (Id.).  Plaintiff provides no other "example" of when he worked at Sandy Restaurant.  On its face, the SAC establishes that any claims Plaintiff ever had against Sandy Restaurant, assuming that he was not paid minimum wage and/or overtime, are time-barred under the FLSA and NYLL.

---

[5]     Moving Defendants deny that Plaintiff ever worked for Sandy Restaurant, but accept his factual allegations as true for purposes of this motion.

Even if his claims against Sandy Restaurant were not time-barred, Plaintiff fails to state a plausible claim because the SAC fails to allege a single workweek in which he worked at least 40 hours and was not compensated for time worked in excess of 40 hours.  See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) ("We conclude that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.")  Accordingly, Plaintiff's claims against Sandy Restaurant must be dismissed under Rule 12(b)(6).

### B. The SAC Fails To Plausibly Allege That Justine Restaurant And Sandy Restaurant Constituted A Single Integrated Enterprise, Assuming That The Doctrine Even Applies To FLSA and NYLL Cases.

Despite the lack of any connection between Plaintiff and Sandy Restaurant, other than Plaintiff's having allegedly worked there for a two-month period in 2009, Plaintiff seeks to impose liability through the application of the single integrated enterprise test, which courts have repeatedly found inapposite in FLSA and NYLL cases.  Nevertheless, assuming that the single integrated enterprise theory of liability applies in FLSA and NYLL cases, the SAC's deficient pleading renders its application here implausible.

Only an "employer" can be liable for violations of the FLSA and the NYLL.  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee."  29 U.S.C. § 203(d).[6]  The definition of "employ"

---

[6]     "Courts applying both the FLSA and the New York Labor Law have concluded that the standards by which a court determines whether an entity is an 'employer' under the FLSA also govern that determination under the New York labor law."  Hart v. Rick's Cabaret Int'l Inc., No. 09 CIV 3043 JGK, 2010 WL 5297221, at *2 (S.D.N.Y. Dec. 20, 2010)."

under the FLSA "includes to suffer or permit to work."  Id.  Consequently, an employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to <u>control</u> the workers in question." <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 139 (2d Cir. 1999) (emphasis added). Unlike the economic reality test, the single integrated enterprise test does not focus on control over the worker in question.[7]

The Second Circuit recognizes the application of the single integrated enterprise theory only "under extraordinary circumstances."  <u>Murray v. Miner</u>, 74 F.3d 402, 404 (2d Cir. 1996).  Moreover, as this Court noted in <u>Camara v. Kenner</u>, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *8 (S.D.N.Y. March 29, 2018), the Second Circuit has never endorsed the application of the single integrated enterprise doctrine to FLSA cases. This Court recognized that some courts in the district apply the "economic realities" test to "employer" determinations.  <u>Id.</u>  Indeed, it appears that the Second Circuit would be more inclined to require a consideration of "economic realities" before imposing liability on a separate entity or individual for FLSA and NYLL violations.  <u>See</u> <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 139 (2d Cir. 1999)(An employment relationship exists under the FLSA when the 'economic reality' is such that the "alleged employer possessed the power to control the workers in question").[8]

---

[7]     Defendants discuss the economic realities test with respect to the Individual Defendants, <u>infra</u> at II.

[8]     Several weeks ago, a court rejected the single integrated enterprise test based on its understanding that the Second Circuit would not endorse its application to FLSA cases.

Although some courts continue to accept the single integrated enterprise's application in FLSA cases as a matter of course, courts that have closely analyzed the issue have rejected its application.   See, e.g., Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013)(rejecting application of single integrated enterprise test to FLSA and NYLL cases).  As the court in Hart noted, a determination that two or more entities constitute an "enterprise" does not resolve the issue of whether they can constitute a single employer.  Indeed, "[t]he integrated enterprise test is inapposite because an 'enterprise' is not always coextensive with an 'employer' under the FLSA." Id. at 940, n. 167 (citing 29 U.S.C. § 203(r)(1)).  Department of Labor regulations recognize that "enterprise" status is not synonymous with employer status:

> As defined in the [FLSA], the term enterprise is roughly descriptive of a business rather than of an establishment or of an employer although on occasion the three may coincide. The enterprise may consist of a single establishment which may be operated by one or more employers; or it may be composed of a number of establishments which may be operated by one or more employers.

Hart, 967 F. Supp. 2d 901 at 940, n. 16 (quoting 29 C.F.R. § 779.203).  Regardless of whether the single integrated enterprise test is viable in FLSA and NYLL cases, Plaintiff is unable to plausibly plead its application to this case.

In determining whether multiple defendants constitute a single integrated enterprise, courts consider the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control.  Reiseck v. Universal Communications of Miami, No.

---

See Quintanilla v. Suffolk Paving Corp., No. CV 09-5331 (AKT), 2019 WL 885933, at *17 (E.D.N.Y. Feb. 22, 2019).

06CV0777(TPG), 2012 WL 3642375, at *4 (S.D.N.Y. Aug. 23, 2012).[9]  "In the FLSA context, facts that go to the existence of a single, integrated enterprise include common decor, name, menu and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across different businesses."  Khereed v. W. 12th St. Rest. Grp. LLC, No.15Civ.1363 (PKC), 2016 WL 590233, at *4 (S.D.N.Y. Feb. 11, 2016). None of these factors and circumstances are adequately pled here, if at all.

In addition to his conclusory allegations that merely restate the requirements of the single integrated enterprise test, Plaintiff alleges generally that some unidentified "employees who were interviewed for a position at Justine Restaurant would often be hired at Sandy Restaurant if there was no availability at Justine Restaurant and vice versa."  (SAC, ¶ 8,(c)).  He also alleges generally that "managers would similarly interchange between Justine Restaurant and Sandy Restaurant."  (Id.)  Finally, Plaintiff alleges without any supporting facts, "upon information and belief" that "food and supplies were centrally purchased and distributed among the restaurant locations." (See Id., ¶ 8(d))(emphasis added).  As stated more fully below, none of these allegations tend to support the extraordinary circumstances under which the restaurant Defendants could be considered a single integrated enterprise.

_____

[9]        Although the allegations of the SAC must be assumed true for purposes of this motion, there exists, in fact, no common management, no shared or centralized labor relations function, and no common ownership or financial control, between Sandy Restaurant and Justine Restaurant.

1. __The SAC Does Not Allege a Sharing of Workers Between the Restaurants__

Plaintiff does not identify workers that were shared between Sandy Restaurant and Justine Restaurant during the relevant period.  The best Plaintiff is able to muster is that some individuals, who applied for a job at Justine Restaurant and were not hired, would "often" be referred to Sandy Restaurant for possible employment.  (SAC, ¶ 8(c)). Plaintiff does not allege that he was interviewed by Justine Restaurant, and was referred to Sandy Restaurant to be hired, or vice versa.  Moreover, he does not identify a single individual who interviewed to work at Justine Restaurant, but ultimately went to work for Sandy Restaurant.  By failing to allege facts in the SAC citing such individuals, Plaintiff appears to be simply guessing that it happened insofar as he would not have any knowledge of Sandy Restaurant's operations because he had not worked there since 2009.  (See SAC, ¶ 24).  In any event, even if Plaintiff were able to allege facts supporting that actual individuals seeking employment at Justine Restaurant were referred to Sandy Restaurant for possible employment, this would not confirm that the entities shared workers.  It would merely demonstrate that Justine Restaurant referred job applicants it could not hire to another employer for possible employment.

2. __The SAC Does Not Plausibly Allege the Sharing of Food and Supplies Between Restaurants__

Plaintiff further attempts to satisfy the single integrated enterprise test by alleging "upon information and belief" that "food and supplies were centrally purchased and distributed among the restaurant locations."  (See SAC, ¶  8(d)).  This allegation however is insufficient to defeat Moving Defendants' motion to dismiss.

> Though a plaintiff may plead facts alleged upon information and belief, "where the belief is based on factual information that makes the inference of culpability plausible" (citations omitted). . . ., such allegations must be "accompanied by a

12

statement of the facts upon which the belief is founded." (citations omitted).  A Complaint that "tenders naked assertions devoid of further factual enhancement" will not survive a motion to dismiss under Rule 12(b)(6). . . . .(citations omitted)

Perez v. Westchester Foreign Autos, Inc., No. 11 CIV. 6091 ER, 2013 WL 749497, at *5 (S.D.N.Y. Feb. 28, 2013)(citing in part, Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010); see also, JBC Holdings NY, LLC v. Pakter, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013).

Here, Plaintiff does not allege any facts supporting his conjecture that food and supplies were centrally purchased and/or distributed between Justine Restaurant and Sandy Restaurant.  For example, Plaintiff does not allege, nor could he, that he and other specified employees were responsible for transferring such items between the restaurants. (See SAC, ¶ 24).  Plaintiff's naked assertions seek to allow his case to embark on a "fishing expedition" in search of factual allegations that he is unable to make. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 86 (2d Cir. 2013)(recognizing "the possible use by lawyers representing plaintiffs in such cases of standardized, barebones complaints against any number of possible defendants about whom they have little or no evidence of FLSA violations for the purpose of identifying a few of them who might make suitable defendants—which is to say, the ability to engage in 'fishing expeditions'").  A complaint based on such assertions does not state a plausible claim, and cannot be permitted to survive a Rule 12(b)(6) motion.

### 3.  The SAC Does Not Allege a Sharing of Managers

Plaintiff's allegation that managers would "interchange" between Justine Restaurant and Sandy Restaurant are likewise not supported by his allegations regarding these managers.  Plaintiff's FAC and SAC contain wholly conclusory allegations regarding the Individual Defendants.  (See SAC, ¶ 8(c)).  The SAC attempts

13

to cure some of these deficiencies by alleging facts that actually corroborate that there was no such sharing of managers between the two restaurants.

### a) Rafael Pichardo and Hormand Pichardo

Plaintiff alleges that Defendants Rafael and Hormand were the "'day boss' for Defendants" and "'night boss' for Defendants," respectively. (See SAC ¶¶ 9(a) and (b). According to the SAC, Rafael supervised Defendants' employees and Plaintiff during the lunch shift.  (See SAC ¶ 9(a)).  The SAC appears to assert that Rafael supervised Plaintiff and other employees during the lunch shift simultaneously at both restaurants, but does not state how this is possible given that Justine Restaurant and Sandy Restaurant were each located in different counties.[10]   Such an internal inconsistency reinforces the implausibility of Plaintiff's allegations.  See  JBC Holdings NY, LLC v. Pakter, 931 F. Supp. 2d 514, 526 (S.D.N.Y. 2013).  Moreover, by lumping all of the Defendants together as one in the allegations, Plaintiff seeks to avoid having to identify the actual Defendant to which the allegation relates.  See Bravo v. Eastpoint Int'l, Inc., No. 99 CIV. 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001)(refusing to credit allegations that lump together multiple defendants as one).  The only inference supported by the factual allegations regarding Rafael's supervision of Plaintiff during the lunch shift is that Plaintiff's contact with Rafael occurred at Justine Restaurant, because Plaintiff's only alleged connection to Sandy Restaurant was in 2009.  (See SAC, ¶ 24).

---

[10]      According to its website, Justine Restaurant is located at 28 East 167th Street, Bronx, New York 10452.  See www.justinerestaurant.com.  Sandy Restaurant is located at 2261 2nd Avenue, New York, New York  10035.  See  http://places.singleplatform.com/sandy-restaurant/menu?ref=google.

Thus, these allegations do not support that Sandy Restaurant and Justine Restaurant constituted a single integrated enterprise.

Similarly, with respect to Hormand, the SAC does not indicate how he could have been the "night boss" for both Sandy Restaurant and Justine Restaurant during the dinner shift.  (See SAC ¶ 9(b)).  Again, because Plaintiff does not allege any facts indicating that he worked at Sandy Restaurant after 2009, his connection with Hormand would have been at Justine Restaurant.  Clearly, these allegations do not support a single integrated enterprise finding.

### b)  Ronnie Pichardo

Aside from the conclusory allegations Plaintiff alleges with respect to each of the Individual Defendants, including that Ronnie was like the others "an owner, principal and/or manager of Sandy Restaurant and Justine Restaurant"  (See SAC ¶ 9), Plaintiff alleges, albeit conclusorily, only that Ronnie was his "supervisor while working at Justine Restaurant. . . ."  (See id.)  Plaintiff does not allege, nor could he, that Ronnie worked at or also supervised Plaintiff at Sandy Restaurant.  Thus, the allegations relating to Ronnie  do not support a finding that the restaurants were a single integrated enterprise.

### c)  Ruben Pichardo and Lazaro Pichardo

Plaintiff alleges in conclusory fashion that Ruben and Lazaro were each "the manager of Defendants."  (SAC, ¶¶ 9(d) and (e)).  However, he alleges that they both worked "primarily at the Sandy [Restaurant] location, and would supervise employees including Plaintiff."  (Id.).  Aside from his conclusory allegation that they were managers at both restaurants, Plaintiff alleges no facts as to when or how frequently they might

have worked at Justine Restaurant, if at all.  All he states in the SAC is that they

"primarily" worked at Sandy Restaurant, and managed Plaintiff and other employees

there.  According to the SAC, that would have been in 2009. (See SAC, ¶ 24).  Thus, he

fails to allege facts indicating that Ruben and Lazaro managed employees at both

restaurants.  Allegations relating to these individuals do not lead to a plausible inference

that Justine Restaurant and Sandy Restaurant constituted a single integrated

enterprise.

As with the FAC, the SAC contains nothing more than a boilerplate recitation of

the single integrated enterprise factors combined with conjecture and speculation

masquerading as fact.  It is devoid of facts necessary to justify the doctrine's

"extraordinary application."  Indeed, the few facts that are alleged in the SAC rebut any

inference that the two restaurants operated as one.  See Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009)("A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged").

## II. THE SAC FAILS TO SUFFICIENTLY ALLEGE THAT EACH OF THE INDIVIDUAL DEFENDANTS WAS PLAINTIFF'S EMPLOYER UNDER EITHER THE FLSA AND NYLL

Plaintiff alleges that the Individual Defendants were his "employers" under the

FLSA and NYLL, and therefore, are jointly liable for the alleged wage and hourly

violations (See SAC, ¶¶  8 and 9).

In determining whether an employment relationship exists for purposes of the

FLSA, courts evaluate the "economic reality" of the relationship.  See Goldberg v.

Whitaker HouseCoop., Inc., 366 U.S. 28, 31 (1961).  To determine whether a particular

defendant was an "employer" under the FLSA and NYLL, the Second Circuit has set

forth four factors indicating control by an employer. These factors are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter v. Dutchess County Community College, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984) (internal citations omitted). "[N]o one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." Id. (citations omitted.); see Sampson v. MediSys Health Network, Inc., 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) (dismissing FLSA claims where "[t]here [were] no facts that indicate that [the defendant] had any direct role in hiring or firing the plaintiffs or that it supervised or controlled their work schedules" ... or to "indicate that [the defendant] had any direct role in controlling the plaintiffs' conditions of employment or in determining their rate and method of payment").  In addition, courts look at an individual's operational control of the corporation or significant functions of the business, their ownership interest, and their ability to control the employees' salaries and make hiring decisions.  See Irizarry v. Catsimatidis, 722 F.3d 99, 117 (2d Cir. 2013). However, a formulaic recitation of the Carter and Catsimatidis factors is insufficient to state a claim against an individual defendant.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, the SAC contains conclusory allegations that each of the Individual Defendants "is an owner, principal and/or manager for [Sandy Restaurant and Justine Restaurant]," and "exercise[s] operational control."  (See SAC, ¶ 9).  These allegations merely parrot the above factors, and are insufficient to state a plausible claim.  In addition, the "factual" allegations Plaintiff includes in the SAC are, likewise, insufficient

17

to establish that any of the Individual Defendants was Plaintiff's employer for FLSA and NYLL purposes.  The SAC contains no substantive factual allegations tending to show that any of the Individual Defendants exerted any control over him and the terms and conditions of his employment.  Plaintiff's allegations with respect to how each of the Individual Defendants controlled other employees are insufficient to demonstrate that the Individual Defendants controlled him.  Bravo v. Eastpoint Int'l, Inc., No. 99 CIV. 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001)(dismissing individual defendant where plaintiff alleges "no fact which would tend to establish [individual defendant's] power to control the plaintiff. . . .)

      1.  **Rafael Pichardo**

Plaintiff refers to Rafael as the "day boss," and alleges that he "directly supervise[d] employees, including Plaintiff.  (See SAC, ¶¶ 9(a)).  In addition, Plaintiff claims that he observed Rafael interview, hire and fire employees.  (Id.)  Plaintiff also alleges that Rafael "notified" him and other employees when their pay was being increased.  (Id.)  Plaintiff does not indicate the manner in which Rafael "directly" supervised or, more importantly, controlled him.  He does not allege whether the supervision or control related to his work schedule and/or conditions of employment, as is required under the Carter factors.  Likewise, Plaintiff does not allege who Rafael might have hired and/or fired, but merely states that he observed him doing it.  He does not describe the circumstances of how he was able to have observed Rafael hiring or firing anyone.  To the extent that Plaintiff observed Rafael hiring and firing others, this does mean that he was Plaintiff's employer, although it could mean that he was an FLSA and NYLL employer with respect to those individuals he hired and fired.

Moreover, although Plaintiff alleges that Rafael "notified" him of a pay increase, he alleges no facts indicating  when this occurred or whether Rafael, himself, made the decision to award a pay increase, or otherwise determined Plaintiff's rate and the manner of payment.  Plaintiff's vague allegations concerning his interactions with Rafael fall short of stating a plausible claim that Rafael can be liable in this case as a party defendant employer.

### 2.  **Hormand Pichardo**

Similarly, Plaintiff alleges that Hormand was the "night boss" and "supervise[d] employees, including Plaintiff."  (See SAC, ¶ 9(b)).  Aside from this flimsy allegation that says nothing about Hormand's control over Plaintiff, the only substantive factual allegation relating to Hormand is that he would "distribute pay to employees, including Plaintiff."  (See Id.)  Plaintiff avoids alleging that aside from the ministerial task of presenting his pay to him, that Hormand was also responsible for making decisions affecting or determining his rate and amount of pay.  Furthermore, Plaintiff does not allege whether Hormand was involved in controlling his schedule or terms and conditions of employment.  Consequently, Plaintiff has not sufficiently pled that Hormand Pichardo was his employer under the Carter and Catsimatidis factors.

### 3.  **Ronnie Pichardo**

Plaintiff alleges that Ronnie was his "direct supervisor" and "oversaw" his "day to day work."  In addition, Plaintiff alleges that Ronnie  would "occasionally distribute employee's pay[,] and Plaintiff "witnessed" him disciplining . . . and firing employees." Plaintiff further alleges that Ronnie informed him and other employees when their pay was being increased."  (See SAC ¶ 9(c)).  Again, these allegations fail to state what

Ronnie's supervision of Plaintiff entailed.  Plaintiff provides no examples as to how or whether Ronnie controlled Plaintiff's schedule or work conditions.  Moreover, although Plaintiff claims that Ronnie disciplined and fired employees, such does not demonstrate that Ronnie was Plaintiff's employer, although it might tend to show that Ronnie was an employer of the individuals that he disciplined and fired.  Finally, the fact that Ronnie informed him that his pay was being increased does not, in itself, indicate that he played any part in setting or determining that pay as required by the <u>Carter</u> factors.

4. **<u>Ruben Pichardo and Lazaro Pichardo</u>**

Plaintiff does not allege any substantive facts indicating that either Ruben or Lazaro was his employer. In fact, he alleges that they worked primarily at Sandy Restaurant, where Plaintiff had not worked since 2009.  (<u>See </u>SAC ¶ 24).  Thus, at least during the relevant period, neither Ruben nor Lazaro could be deemed his employer for FLSA and NYLL purposes.  Consequently, they are not proper Defendants in this case.

Accordingly, because Plaintiff has not satisfied the applicable pleading standard for holding the Individual Defendants liable as employers, the SAC must be dismissed against them as a matter of law.

## **CONCLUSION**

For the reasons stated above, the Second Amended Complaint should be

dismissed against Sandy Restaurant and the Individual Defendants for failure to state a

claim upon which relief can be granted.

Dated:   March 8, 2019
          Stamford, Connecticut


                                MURTHA CULLINA LLP

                                By: s/Salvatore G. Gangemi
                                      Salvatore G. Gangemi (SG-6769)

                                177 Broad Street, 16th Floor
                                Stamford, CT 06901
                                Tel.:  203.653.5400
                                Fax:  203.653.5444
                                Email:  sgangemi@murthalaw.com

                                Attorneys for Defendants

**CERTIFICATE OF COMPLIANCE**

I, Salvatore G. Gangemi, attorney for Defendants, hereby certify

pursuant to Individual Practices of Judge John G. Koeltl that the foregoing

brief complies with the formatting rules stated therein, and contains less

than 7,000 words.

Dated: March 8, 2019

 _/s/ Salvatore G. Gangemi_
Salvatore G. Gangemi (SG 6769)

9853527v1