USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NORBERTO MORALES,

           Plaintiff,

- against -

ANYELISA REST. CORP. et al.,

           Defendants.

---

18cv7641 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Norberto Morales, on behalf of himself and others similarly situated, brings this action against the defendants, two restaurants and their managers.[1] The plaintiff alleges claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for unpaid overtime pay, unpaid minimum wages, liquidated damages, and attorneys' fees and costs. Additionally, the plaintiff alleges claims under the New York Labor Law ("NYLL") for unpaid overtime pay, unpaid minimum wages, statutory penalties, liquidated damages, and attorneys' fees and costs. The defendants move to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] The defendants in this case are: Anyelisa Restaurant Corp.; El Nuevo Sandy Restaurant Inc. (the "corporate defendants"); Rafael Pichardo, Hormand Pichardo, Ronnie Pichardo, Ruben Pichardo, and Lazaro Pichardo (the "individual defendants") (collectively, "the defendants").

# I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing

suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

## II.

The following allegations are taken from the second amended complaint and are accepted as true for purposes of this motion.

The plaintiff is a former employee of Justine Restaurant, where he worked first as a cook and then as a porter, from 1995 until 2018. (Second Am. Compl. ("SAC") ¶ 23.) While he primarily worked for Justine Restaurant, the plaintiff also worked at Sandy Restaurant on an as needed basis. (Id. ¶ 24.) During one instance in 2009, the plaintiff allegedly worked at Sandy Restaurant continuously over a two-month period. (Id.)

The plaintiff also alleges that the individual defendants own and operate the corporate defendants as a single integrated enterprise. (Id. ¶ 8.) The plaintiff alleges that he saw the restaurants' employees, including the wait staff and managers, work at both Justine Restaurant and Sandy Restaurant. (Id. ¶ 24.) Individuals who interviewed at Justine Restaurant would be hired at Sandy Restaurant if there were no openings at Justine Restaurant. (Id. ¶ 8(c).) The prospective employees would also be hired at Sandy Restaurant if there was a greater need for them at that location. (Id. ¶ 24.)

3

The plaintiff asserts a variety of FLSA and NYLL claims. (Id. ¶¶ 25-30.) The defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The defendants argue that (1) the plaintiff cannot allege claims against Sandy Restaurant because it was not the plaintiff's employer (2) that the plaintiff's claims are time barred and (3) that the plaintiff cannot allege claims against the individual defendants because they were not the plaintiff's employer.

### III.

The defendants argue that the complaint fails to allege adequately any claims against Sandy Restaurant.

### A.

The defendants argue that the plaintiff cannot assert claims against Sandy Restaurant because the plaintiff was not an employee at that restaurant. However, the plaintiff has sufficiently pleaded that Justine Restaurant and Sandy Restaurant were operating as a single integrated enterprise and therefore liable as joint employers of the plaintiffs.

The Second Circuit Court of Appeals has yet to apply the single integrated enterprise rule to FLSA liability. However, district courts in this District have applied the single integrated enterprise rule in the FLSA context. See, e.g., Flores v. 201 W. 103 Corp., 256 F. Supp. 3d 433, 440-41 (S.D.N.Y. 2017); Li v. Ichiro Sushi, Inc., No. 14cv10242, 2016

4

WL 1271068, at *6 (S.D.N.Y. Mar. 29, 2016); Cordova v. SCCF, Inc., No. 13cv5665, 2014 WL 3512838, at *3 (S.D.N.Y. July 16, 2014); Lopez v. Pio Pio NYC, Inc., No. 13cv4490, 2014 WL 1979930, at *3-4 (S.D.N.Y. May 14, 2014). The single integrated enterprise rule holds multiple legally distinct entities liable as a single employer when the entities are a single integrated enterprise, as in the case of "parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management." Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005).[2] Whether a group of entities qualifies as a single integrated enterprise turns on four-factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Brown v. Daikin Am. Inc., 756 F.3d 219, 226 (2d Cir. 2014) (quotation marks omitted). Although no one factor is dispositive, "control of labor relations is the central concern." Id. (quotation marks omitted).[3]

---

[2] The single integrated enterprise theory originally grew out of Title VII doctrine. See Arculeo, 425 F.3d at 198.

[3] Other district courts in this Circuit have declined to apply the formal single integrated enterprise doctrine in the FLSA context and have instead used the traditional economic realities test to determine whether multiple legal entities constitute a single employer for FLSA purposes. See, e.g., Olvera v. Bareburger Grp. LLC, 73 F. Supp. 3d 201, 205-06 (S.D.N.Y. 2014); Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 939-40 & n.16 (S.D.N.Y. 2013); Gorey v. Manheim Servs. Corp., 788 F. Supp. 2d 200, 210 (S.D.N.Y. 2011).

The plaintiff alleges generally that he was employed by Justine Restaurant and Sandy Restaurant on an as needed basis, including for a continuous two-month period at Sandy Restaurant in 2009. He states that the defendants operate the restaurants as a single integrated enterprise because: there is a common corporate and ownership structure; there are centralized labor relations, human resources, and payroll operations; there are centralized employment policies; there are common wage and hour policies; employees are interchangeable between the restaurants; and the defendants centrally purchase and distribute food for and supplies between the restaurants. These allegations are enough to plead successfully that the defendants were operating as a single integrated enterprise. See Flores, 256 F. Supp. 3d at 442 ("[F]acts that go to the existence of a single, integrated enterprise include . . . the use of the same employees at multiple locations; the transfer of items between restaurants; [and the] use of the same central payroll office . . . .") (quoting Khereed v. W. 12th St. Rest. Grp. LLC, 15cv1363, 2016 WL 590233, at *4 (S.D.N.Y. Feb. 11, 2016) (quotation marks omitted)). Whether the evidence will substantiate the plaintiff's allegations cannot be decided on this motion. The motion to dismiss Sandy Restaurant because it was not the plaintiff's employer is **denied**.

**B.**

The defendants also argue that Sandy Restaurant cannot be held liable as an employer because the plaintiff alleges that he worked at Sandy Restaurant only in 2009. Therefore, the defendants argue that the plaintiff's claim against Sandy Restaurant is barred by the statute of limitation.

The defendant misstates the allegations in the complaint. The complaint alleges that the plaintiff "would occasionally work at Sandy's Restaurant on an as needed basis. For example, in 2009 Plaintiff worked for Sandy's Restaurant continuously over a two month period." (SAC ¶ 24.) The plaintiff does not allege that the <u>only</u> time he worked at Sandy was in 2009, but merely provides his work in 2009 as an example.

Moreover, because the plaintiff has alleged that the defendants were operating as a single integrated enterprise, the plaintiff must only allege that he worked at one of the restaurants during the applicable limitations period. See <u>Nieto v. Vill. Red Rest. Corp.</u>, 17cv2037, 2017 WL 6398635, at *2 (S.D.N.Y. Nov. 22, 2017). Therefore, the plaintiff plausibly asserts a timely claim against Sandy Restaurant.

Claims alleging willful violations of the FLSA, such as the claims in this case, are subject to a three-year statute of limitations. 29 U.S.C. § 255(a). Claims alleging violations of the NYLL are subject to a six-year statute of limitations. N.Y.

7

Lab. Law § 198(3). Claims under the FLSA and the NYLL accrue "when the employer fails to pay the required compensation for any work week at the regular pay day for the period when the workweek ends." 29 C.F.R. § 790.21(b); see Colella v. City of New York, 986 F. Supp. 2d 320, 335-36 (S.D.N.Y. 2013); Castellanos v. Mid Bronx Cmty. Housing Mgmt. Corp., No. 13cv3061, 2014 WL 2624759, at *3 (S.D.N.Y. June 10, 2014).

The plaintiff allegedly worked for the defendants from 1995 until June 3, 2018, when he was terminated. Therefore, the plaintiff is required to bring any FLSA claims arising out of his employment with the defendants by June 3, 2021, and any NYLL claim arising out of his employment with the defendants by June 3, 2024. See 29 U.S.C § 255(a); N.Y. Lab. Law § 198(3). Because the plaintiff brought this suit before the statutes of limitations expired, his claims are not time barred. The defendants' motion to dismiss the FLSA and NYLL claims on statute of limitations grounds is **denied.**[4]

---

[4] The defendants also assert that the plaintiff "fails to state a plausible claim because the SAC fails to allege a single workweek in which he worked at least 40 hours and was not compensated for time worked in excess of 40 hours." (Defs.' Mem. at 8.) "[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). Paragraphs 24 and 25 of the second amended complaint contain sufficient allegations. (SAC ¶ 24 ("Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for hours that he worked in excess of forty (40) per week . . . ."); id. ¶ 25 ("Plaintiff's work schedule was from 9:00 a.m. until 6:00 p.m., six days per week. During the periods when Plaintiff worked at Sandy's Restaurant he would generally work from 9:00 a.m. until 9:00 p.m. seven days per week.").) The plaintiff sufficiently alleges that

8

**IV.**

The defendants also argue that the plaintiff has failed to allege that the individual defendants were the plaintiff's "employer" under the FLSA and NYLL.

Liability under the FLSA extends only to "employer[s]." 29 U.S.C. § 216(b); see Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "An entity 'employs' an individual under the FLSA if it 'suffer[s] or permit[s]' that individual to work." Zheng v. Liberty Apparel Co., 355 F.3d 61, 66 (2d Cir. 2003) (quoting 29 U.S.C. § 203(g)). For an individual to be an employer, there must be more than just:

> [e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function . . . .

---

he worked in excess of 40 hours a week and was not compensated for the time he worked in excess of 40 hours. See Almanzar v. C & I Assocs., Inc., 175 F. Supp. 3d 270, 274 (S.D.N.Y. 2016) (finding that allegations of a work schedule beginning at 7:30 a.m. or 8:00 a.m. and ending by 5:00 p.m., six days a week were sufficient to satisfy the Lundy standard); see also Djurdjevich v. Flat Rate Movers, Ltd., 17cv261, 2018 WL 1478132, at *5 (S.D.N.Y. Mar. 23, 2018) (finding the plaintiff's allegations that he worked from 6:30 a.m. to 11:30 p.m., six days a week were sufficient to plead an FLSA overtime claim). To the extent the defendants were attempting to argue that the plaintiff failed to allege that the plaintiff worked at Sandy Restaurant for more than 40 hours per week, such an allegation is not necessary because the defendants were operating as a single integrated enterprise. See Flores, 256 F. Supp. 3d at 441-42 (holding that the plaintiffs could bring unpaid wages and overtime claims against seven defendant restaurants under a single integrated enterprise theory despite only working at one of the restaurants named in the case).

> Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.

Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2d Cir. 2013). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." Id. at 104 (quotation marks omitted).

The Court of Appeals for the Second Circuit has established a four-factor test to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 105 (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)). These factors are "nonexclusive and overlapping," and the factors are to be applied so as "to ensure that the economic realities test . . . is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." Id. (quotation marks omitted). A person or entity can also be an "employer" if the person or entity exercises functional control over the employee. Zheng, 355 F.3d at 71-72; Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 939-40 (S.D.N.Y. 2013).

Liability under the NYLL similarly extends only to "employer[s]" and their "agent[s]." N.Y. Lab. Law § 662(1). The definition of "employer" under the NYLL is "any person . . . employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as employer." Id. §§ 190(3) & 651(6). The New York Court of Appeals has not yet answered the question of whether the test for "employer" status is the same under the FLSA and the NYLL, see Irizarry, 722 F.3d at 117, but courts have generally assumed that it is, see Sethi v. Narod, 974 F. Supp. 2d 162, 188-89 (E.D.N.Y. 2013); Chu Chung v. New Silver Palace Rests., Inc., 272 F. Supp. 2d 314, 318 n.6 (S.D.N.Y. 2003); see also Ramirez v. Riverbay Corp., 35 F. Supp. 3d 513, 521 n.2 (S.D.N.Y. 2014).

The plaintiff alleges that the individual defendants were his employers. The plaintiff alleges each of the individual defendants had the ability to supervise employees; the ability to exercise operational control over employees, including the ability to make employment decisions, control work conditions and schedules of employment, and determine the rate and method of compensation; the ability to field worker complaints; and the ability to make changes to working conditions and compensation. The plaintiff also alleges that Hormand Pichardo distributed pay, and Ronnie Pichardo and Rafael Pichardo notified employees of pay increases. Those allegations are sufficient to plead

11

that the individual defendants were the plaintiff's employers. Whether the evidence will substantiate the plaintiff's allegations cannot be decided on this motion. The motion to dismiss for failure to plead that the individual defendants were "employers" under the FLSA and NYLL is **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendants' motion to dismiss is **denied**. The Clerk of the Court is directed to close docket number 54.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 30, 2019**

_____
John G. Koeltl
United States District Judge